IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Batuhan Dogrusoz,               :
             Petitioner      :
      v.                  :     No. 230 M.D. 2023
                         :
PA Department of Labor and Industry,  :
UC Board of Review and       :
PA Department of Labor and Industry,  :
Office of Unemployment        :
Compensation,               :
            Respondents   :     Argued: December 9, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOLF                      FILED: September 18, 2025

On September 9, 2024, this Court issued an opinion and order that, *inter alia*, sustained the Pennsylvania Department of Labor and Industry, Office of Unemployment Compensation's (Department) and the Pennsylvania Department of Labor and Industry, Unemployment Compensation Board of Review's (Board) preliminary objections to Batuhan Dogrusoz's (Claimant) "Complaint in Mandamus"[1] (Petition for Review or Petition) on the basis that Claimant failed to exhaust the statutory remedy afforded to him by the Unemployment Compensation

---

[1] Claimant's initiating document is titled "Complaint in Mandamus" which is procedurally incorrect under the Pennsylvania Rules of Appellate Procedure. *See* Pa. R.A.P. 1502 ("[O]riginal jurisdiction actions of equity, replevin, mandamus, and quo warranto . . . are replaced by the petition for review."). Therefore, the Court refers to the initiating document by its proper title, a Petition for Review. *See* Pa. R.A.P. 1503 ("If a filing should be labeled a petition for review, but is not, this alone shall not be a ground for dismissal. The filing shall be regarded and acted upon as a petition for review. . . .").

Law[2] (UC Law) and dismissed the Petition. *Dogrusoz v. PA Dep't of Lab. & Indus.* (Pa. Cmwlth., No. 230 M.D. 2023, filed Sept. 9, 2024) (*Dogrusoz I*). On October 7, 2024, this Court granted Claimant's application for reargument and scheduled a status conference for October 28, 2024. *See* Cmwlth. Ct. Orders 10/7/2024 & 10/21/2024. By subsequent order dated November 13, 2024, this Court withdrew its decision in *Dogrusoz I* and set oral argument on the Department's and the Board's preliminary objections for December 9, 2024. *See* Cmwlth. Ct. Order 11/13/2024. We now consider the Department's and the Board's preliminary objections to Claimant's Petition, overrule each, and direct the Department and the Board to file an answer to the Petition within 30 days.

## Background

The background and procedural history of this matter is convoluted. In *Dogrusoz I*, we explained that Claimant's Petition alleges as follows. In March 2020, Claimant applied for Pandemic Unemployment Assistance[3] (PUA) benefits with the Department.[4] Petition for Review ¶ 4. On May 7, 2020, Claimant received a notice of determination awarding him $195.00 per week, the minimum PUA benefit amount, effective March 15, 2020. *Id.* ¶ 6. In early June 2020, Claimant's PUA benefits were increased to $322.00 per week, retroactive to March 15, 2020,

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[3] In response to the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. 116-136, 15 U.S.C. §§ 9001-9141. Section 2102 of the CARES Act, 15 U.S.C. § 9021, permits states to administer claims for and payment of Pandemic Unemployment Assistance (PUA) to certain individuals generally ineligible for unemployment compensation under state law.

[4] The Department is the bureau that reviews claims for unemployment compensation benefits, including PUA benefits, and issues initial determinations regarding eligibility. *See* Section 501 of the UC Law, 43 P.S. § 821.

without explanation. *Id.* ¶ 7. On October 2, 2020, Claimant received an email advising that his PUA benefits were being reduced back to $195.00 per week and directing him to provide additional income information by the end of calendar year 2020 to obtain a redetermination of benefits. *Id.* ¶ 9. On October 5, 2020, Claimant's access to his PUA benefits portal was terminated and he was unable to review or upload documents relevant to his claim. *Id.* ¶ 10. By email dated December 27, 2020, Claimant submitted additional income information to the Department. *Id.* ¶ 11.

Claimant received a Notice of Determination from the Department dated June 16, 2021, issuing a non-fraud overpayment (Overpayment Determination) in the amount of $5,292.00 for excess PUA benefits paid. *Id.* ¶ 12. Claimant sent an email dated July 1, 2021, appealing the Overpayment Determination, and requesting a redetermination of his benefits. *Id.* On August 24, 2021, Claimant's counsel submitted a letter supplementing Claimant's July 1, 2021 appeal. *Id.* ¶ 16. Counsel's letter requested a recalculation of benefits and payment of PUA benefits that Claimant never received from weeks beginning September 27, 2020, through August 27, 2021. *Id.*

A telephone hearing was conducted before Referee Kimberly Weikel on December 2, 2021. On January 4, 2022, Referee Weikel issued three decisions that affirmed the Department's determinations and concluded that Claimant was entitled to PUA benefits in the amount of $195.00 for weeks ending March 21, 2020, through and including September 26, 2020, and that Claimant had a non-fraud overpayment in the amount of $5,292.00 for the overpayment of benefits during that period. Referee Weikel advised that "[i]f [C]laimant believes that repayment of the PUA overpayment will cause a financial hardship, [C]laimant may wish to follow up with

the UC Service Center on a request for waiver of the overpayment." *Id.*, Exhibit B (Referee's 1/4/2022 Decision at 5).[5]

On January 13, 2022, Claimant's counsel sent a letter to the UC Service Center requesting the emergent distribution of unpaid PUA benefits from September 27, 2020, through August 27, 2021, to Claimant, and a waiver of the Overpayment Determination. *Id.* ¶ 25 & Exhibit B. Counsel further requested that Claimant be awarded the unpaid PUA benefits without offset for interim earnings, because Claimant was left with no choice but to work at great risk to his health and against his doctor's medical directive due to the unexplained cessation of his PUA benefits and inability to access his PUA portal. *Id.* ¶¶ 25, 26, 27, Exhibit B.[6]

On February 14, 2022, the UC Service Center issued a denial of Claimant's request for waiver of the Overpayment Determination. *Id.* ¶ 30. Claimant appealed on March 1, 2022. *Id.*, Exhibit C. On April 14, 2022, Claimant received an "Acknowledgement of Receipt of PUA Appeal from the UC Board of Review" (Acknowledgement) which treated Claimant's January 13, 2022 letter to the UC Service Center as an appeal of Referee Weikel's decision. *Id.*, Exhibit D. Claimant avers he never appealed Referee Weikel's decision to the Board. *Id.* ¶ 31.

---

[5] Claimant notes that Referee Weikel's decision did not explain the cessation of Claimant's benefits from September 27, 2020, until August 27, 2021, and the termination of his PUA portal access from October 2020 until early August 2021. Petition for Review ¶ 21. Claimant submits he remained eligible but could not request and did not receive the minimum PUA weekly benefit amount of $195.00 for approximately 48 weeks. *Id.* ¶ 22. During that same time, he avers he was entitled to benefits under the federal Continued Assistance to Unemployed Workers Act of 2020, Pub. L. No. 116-260, 134 Stat. 1182, in the amount of $300.00 per week. *Id.*

[6] Claimant's Counsel specifically requested payment of $24,255.00 in PUA and federal unemployment benefits and asserted those benefits must be immediately paid outright without offset of any of Claimant's interim earnings during that time period.

4

The Acknowledgement stated that the Board would consider the entire record before Referee Weikel in reaching its decision but did not specifically commit to addressing the two issues that Claimant wanted addressed: the denial of Claimant's request for waiver of the Overpayment Determination and Claimant's request for the payment of unpaid PUA benefits from September 27, 2020, through August 27, 2021, without offset. *Id.* ¶ 32, Exhibit D. Accordingly, on April 26, 2022, Claimant's counsel sent another letter in response to the Board's Acknowledgement in which he expressed concern that the Board did not reference the specific issues Claimant wished to raise for review. *Id.*, Exhibit E.

On September 19, 2022, the Board issued a decision and order affirming Referee Weikel's determination. *Id.* ¶ 34. There, the Board stated:

> On appeal to the Board, [C]laimant concedes that the Referee's findings and conclusions regarding his net income and weekly benefit amount are correct. However, [C]laimant requests that the Board award him benefits that he did not receive from September 27, 2020, until August 26, 2021 [sic]. As explained by the Referee during the hearing, [C]laimant's request to be awarded benefits for that time period was not part of the appealed determinations, and that request must be considered by the [UC] Service Center in the first instance.
>
> [Claimant] also requests that his earnings not be used as an offset against any benefits to which he is entitled (and did not yet receive). The Board notes that [] Claimant's entitlement to any benefits which he did not yet receive is not before it, for the reasons stated above.
>
> Finally, [C]laimant acknowledges the amount of the overpayment he received was correct, as found by the Referee, but requests a waiver of the overpayment. As the Referee indicated in her decision, that request must first be made to the [UC] Service Center. Because that request was not before the Referee, and is thus not currently before

5

the Board, the Board makes no determination as to whether [C]laimant is entitled to a waiver of his overpayment.

*Id.*, Exhibit F (Board's 9/19/2022 Decision and Order at 1-2). Claimant filed a request for reconsideration with the Board on September 19, 2022. *Id.* ¶ 35. The Board issued a summary affirmance of its decision on October 18, 2022.

On September 26, 2022, Claimant received a distribution of $5,113.71 in PUA benefits, which represented PUA benefits for the time period of September 27, 2020, through August 27, 2021, minus the offsets for the Overpayment Determination and Claimant's interim earnings during that time period. *Id.* ¶ 36. On November 2, 2022, Claimant's counsel wrote a letter to the Board, copying Referee Weikel and the UC Service Center, requesting a hearing on the issues of (1) the requested waiver of Overpayment Determination; and (2) payment of PUA benefits with interest and without offset for interim earnings for September 27, 2020, through August 27, 2021. *Id.* ¶ 37, Exhibit F. In response, Claimant was directed to contact the UC Service Center. *Id.* ¶ 38. On December 21, 2022, Claimant received an email in reply to his inquiry from UC Help stating that a decision was rendered in his case and the appeal is complete. *Id.*, Exhibit G.

On these alleged facts, Claimant filed a single-count Petition for Review in the nature of mandamus,[7] asking this Court to award damages in the amount of approximately $50,000 plus attorney's fees and costs, or to direct the Department to conduct a referee hearing and to issue the amounts offset from Claimant's PUA

---

[7] "Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy at law." *Romig v. Wetzel*, 309 A.3d 1108, 1112-13 (Pa. Cmwlth. 2024) (citing *Tindell v. Dep't of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014)).

6

benefits, plus interest, for the period of September 27, 2020, through August 27, 2021. Petition for Review, Wherefore Clause. Claimant submits his right to a timely hearing on the issues of his request for waiver of overpayment and the payment of his unpaid PUA benefits without offset for interim earnings is clear based on his right of due process under the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV. Claimant argues he has no adequate remedy at law to compel the Department and Board to perform their administrative and constitutional duty to conduct a referee hearing and the associated appeal process to evaluate the evidence and legal arguments in support of Claimant's claim. Thus, a writ of mandamus is the proper remedy to compel review of this evidence and grant the requested relief. The act requested is ministerial in nature and seeks the performance of a non-discretionary function, *i.e.*, a referee hearing and performance of a full and fair evaluation of Claimant's evidence.

### Preliminary Objections

In response to the Petition for Review, the Department and the Board filed preliminary objections.[8] The Department objects on the grounds that (1) Claimant's

---

[8] Preliminary objections are governed by Rule 1028 of the Pennsylvania Rules of Civil Procedure, which provides, in relevant part:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

> > (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;

> > ****
> > (3) insufficient specificity in a pleading;

> > (4) legal insufficiency of a pleading (demurrer);

**(Footnote continued on next page…)**

7

request for mandamus relief is legally insufficient, and (2) the Petition for Review is insufficiently pleaded. Pa.R.Civ.P. 1028(a)(3), (4).[9] The Board objects on the grounds that (1) this Court lacks subject matter jurisdiction, (2) the Petition for Review fails to state a cognizable claim, and (3) Claimant failed to exhaust administrative remedies. Pa.R.Civ.P. 1028(a)(1), (4), (7). The Department and the Board ask this Court to dismiss Claimant's Petition for Review.

## Analysis

### I. Subject Matter Jurisdiction

In *Dogrusoz I*, this Court first addressed the Board's objection under Pa.R.Civ.P. 1028(a)(1), relating to subject matter jurisdiction. We do so again here and conclude that this Court has subject matter jurisdiction. The Board advances three arguments in support of its objection. First, it maintains that Claimant failed to appeal the Board's decisions dated September 19, 2022. Second, it argues that Claimant's request for a hearing on the issue of whether he is entitled to a waiver of the Overpayment Determination is moot, as a referee already granted the waiver by decision entered April 27, 2023. *See* Board's Brief, Exhibit J. Third, the Board

****

(7) failure to exercise or exhaust a statutory remedy[.]

Pa.R.Civ.P. 1028(a)(1), (3), (4), (7).

[9] The Department filed a third preliminary objection to the Petition for Review arguing that Claimant failed to state a due process claim for which relief can be granted under 42 U.S.C. § 1983. However, in Claimant's response to the Department's preliminary objections, counsel clarified that Claimant was not raising a due process claim under 42 U.S.C. § 1983, and therefore we do not address this preliminary objection further.

8

argues that Claimant is asking the Court to grant him relief that was not first adjudicated by the Department as required by the UC Law.

Claimant responds that his appeal of the Board's September 19, 2022 decisions would have provided an ineffective statutory remedy and been futile, since the Board's decisions acknowledge that it lacked jurisdiction over the specific issues he raised on appeal. Claimant additionally maintains that the Board abused its discretion in interpreting Claimant's counsel's January 13, 2022 letter to the UC Service Center as an appeal of Referee Weikel's decision. Finally, Claimant avers his procedural due process rights were denied by the termination of his PUA benefits without a determination or opportunity to be heard. In short, Claimant argues an original jurisdiction action in the nature of mandamus is the only way to have his arguments requesting the expedited distribution of unpaid PUA benefits for the period of September 27, 2020, through August 27, 2021, without offset, and the waiver of the Overpayment Determination adjudicated.

This Court's subject matter jurisdiction emanates from article V, section 4 of the Pennsylvania Constitution[10] and Sections 761-764 of the Judicial Code, 42 Pa.C.S. §§ 761-764. Our original jurisdiction is set forth in Section 761 of the Judicial Code, which provides, in part:

> (a) General rule.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity[.]

---

[10] "The Commonwealth Court shall be a statewide court, and shall consist of the number of judges and have such jurisdiction as shall be provided by law." PA. CONST. art. V, § 4.

42 Pa.C.S. § 761(a)(1).[11]  In *Ivy Hill Congregation of Jehovah's Witnesses v. Department of Human Services*, 310 A.3d 742, 752-53 (Pa. 2024), our Supreme Court stated:

> Jurisdiction relates solely to the competence of a particular court or administrative body to determine controversies of the general class to which the case presented for consideration belongs. *See Commonwealth v. Donahue*, [] 98 A.3d 1223, 1233 ([Pa.] 2014). . . . The Commonwealth Court has original jurisdiction over any action brought against the Commonwealth government. 42 Pa.C.S. § 761(a); *see also Donahue*, 98 A.3d at 1233. The "Commonwealth government" includes departments, boards, commissions, authorities, officers, and agencies of the Commonwealth. 42 Pa.C.S. § 102; *see also Donahue*, 98 A.3d at 1233.

As the Board and the Department are part of the Commonwealth government, this Court has subject matter jurisdiction over a mandamus action against them. Accordingly, the Board's preliminary objection on the basis of subject matter jurisdiction is overruled.

## II. Exhaustion of Administrative Remedies

However, we revisit our discussion and conclusion on the Board's and the Department's[12] objection that Claimant failed to exhaust administrative remedies. In sustaining those preliminary objections in *Dogrusoz I*, this Court held that Claimant did not properly file an initial claim for the period of September 27, 2020, through August 27, 2021, and thus he did not exhaust his statutorily afforded remedies that

---

[11] There are several exceptions to Section 761(a)(1), none of which are relevant here.

[12] The Department's first preliminary objection challenging the legal sufficiency of Claimant's mandamus claim is styled as a demurrer, *see* Pa.R.Civ.P. 1028(a)(4), but it raises the same exhaustion arguments presented by the Board.  Thus, we treat the Department's demurrer as a preliminary objection on the basis of failure to exhaust administrative remedies.

would ultimately entitle him to a hearing on his claims. However, at oral argument, the Department conceded that Claimant did indeed properly file an initial application for benefits for the relevant weeks, and was entitled to PUA benefits for the entirety of that time period. The Department explained that despite Claimant's eligibility, he stopped receiving PUA benefits for the period at issue, likely due to his inability to access the portal. Notably, the Department could not offer a single explanation as to why Claimant could not access the portal, but cited general issues with administering PUA benefits during this time period. While Claimant asserts this sudden stoppage amounted to a termination of his benefits without notice, the Department vigorously maintains that Claimant's benefits were never terminated, just delayed.

The Department thus continued to argue that it is not required to issue a determination under the UC Law because Claimant ultimately received the benefits for the weeks at issue that properly reflected a mandatory deduction from the earnings he received while driving for Uber. *See* Section 404 of the UC Law, 43 P.S. § 804(d)(1)(i). The Department concedes that those benefits were only distributed to Claimant nearly two years after they were owed. Following the Department's logic that no determination must issue under the Law, the Board asserts that it has no ministerial duty to hold a referee's hearing.

At oral argument, the Department struggled mightily to explain to the Court what a claimant should do in the event his or her benefits unexpectedly cease without notice from the Department. Indeed, despite frequent questioning, the Department could not advise the Court of *any* administrative remedy that a claimant could pursue if his or her benefits stop, for a period of years, without explanation. It is well settled that a petitioner is not required to exhaust administrative remedies if the remedy

provided by the administrative process is inadequate. *Indep. Oil & Gas Ass'n of Pa. v. Pa. Pub. Util. Comm'n*, 789 A.2d 851, 856-57 (Pa. Cmwlth. 2002). We have explained that

> an administrative remedy is inadequate if it either: (1) does not allow for adjudication of the issues raised . . . or (2) allows irreparable harm to occur to the plaintiffs during the pursuit of the statutory remedy.

*Keystone ReLeaf LLC v. Dep't of Health*, 186 A.3d 505, 517 (Pa. Cmwlth. 2018) (en banc). Here, the Department could not so much as identify an administrative remedy that would allow for adjudication of the issues raised by Claimant. Moreover, at the preliminary objection stage, we take all facts pleaded in the Petition for Review as true, and Claimant pleaded that the delay in receipt of PUA benefits caused him irreparable harm. *See* Petition for Review ¶¶ 15, 44. Thus, we overrule the Department's and the Board's objections to Claimant's Petition for Review on the basis of failure to exhaust administrative remedies.

### III.    Insufficient Specificity in Petition for Review

This leaves us to address, for the first time, the Department's objection that the Petition is so insufficiently pleaded that it is precluded from mounting a defense.

In reviewing preliminary objections, all material facts averred in the petition for review, and all reasonable inferences that can be drawn from them, are admitted as true. *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232 (Pa. 1983); *Fletcher v. Pa. Prop. & Cas. Ins. Guar. Ass'n*, 914 A.2d 477, 479 n. 2 (Pa. Cmwlth. 2007), *aff'd*, 985 A.2d 678 (Pa. 2009). "Preliminary objections should be sustained only in cases that are clear and free from doubt." *Pa. AFL-CIO v. Commonwealth*,

12

757 A.2d 917, 920 (Pa. 2000). Any doubt should be resolved by a refusal to sustain them. *Id.*

The Department argues that the Petition is poorly pled and fails to give notice of the claims against it. We reject this argument. As conceded by Department's counsel at oral argument, this case presents difficulties because Claimant does not understand why his benefits ceased without explanation for a period of two years, and neither does the Department. A petitioner can only plead what he knows. This is not fatal to a petition for review but rather presents the precise scenario where sustaining preliminary objections is premature. Reading the material facts averred in the petition and the reasonable inferences that can be drawn therefrom as true, and following a status conference and oral argument where Claimant specifically stated his position, we overrule the Department's objection and conclude that the Department is sufficiently on notice that Petitioner seeks a determination from the Department as to why his benefits unexpectedly and suddenly stopped.

## IV.     Failure to State a Claim

We also address, for the first time, the Board's preliminary objection asserting Claimant failed to state a claim for mandamus relief because it is not obliged to hold a referee's hearing without an initial determination from the Department. *See* Section 502(a) of the UC Law, 43 P.S. § 822(a).[13] Based on our above dispositions,

---

[13] Section 502(a) of the UC Law provides, in relevant part:

(a) Where an appeal from the determination or revised determination, as the case may be, of the department is taken, a referee shall, after affording the parties and the department reasonable opportunity for a fair hearing, affirm, modify, or reverse such findings of fact and the determination or revised determination, as the case may be, of the department as to him shall appear just and proper.

43 P.S. § 822(a).

13

we also overrule the Board's preliminary objection on this basis. Because we cannot say with certainty that Claimant is not owed any adjudication by the Department as to why his PUA benefits ceased without explanation for two years, we likewise cannot conclude with certainty that Claimant may not be entitled to a hearing on a determination that may issue in the future. Thus, at this early stage of litigation, we overrule the Board's preliminary objection on this basis.

## Conclusion

Based on the inexplicable procedural history, this matter presents a challenge for Claimant, the Department, the Board, and this Court. Under such unique circumstances, the Court urges the parties to work together to reach an appropriate resolution. In the meantime, this Court cannot confidently say that the Department and the Board's preliminary objections should be sustained, and this doubt requires us to overrule them. *Pa. AFL-CIO*, 757 A.2d at 920. Accordingly, the Department's and the Board's preliminary objections to the Petition for Review are overruled, and we direct those parties to file answers to the Petition within 30 days of the exit date of the attached order, if the matter cannot be resolved without this Court's intervention.

_____
MATTHEW S. WOLF, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Batuhan Dogrusoz,                    :
                    Petitioner       :
        v.                           :    No. 230 M.D. 2023
                                     :
PA Department of Labor and Industry, :
UC Board of Review and               :
PA Department of Labor and Industry, :
Office of Unemployment               :
Compensation,                        :
                    Respondents      :

# **O R D E R**

AND NOW, this 18th day of September 2025, the Pennsylvania Department of Labor and Industry, Office of Unemployment Compensation's (Department) and the Pennsylvania Department of Labor and Industry, Unemployment Compensation Board of Review's (Board) Preliminary Objections to Batuhan Dogrusoz's (Claimant) "Complaint in Mandamus" (Petition for Review) are OVERRULED.

The Board and the Department shall file answers to Claimant's Petition for Review within 30 days of the exit date of this Order.

_____
MATTHEW S. WOLF, Judge